# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT FIERRO, | 1:09-cv-01166-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES D. HARTLY, | [Doc. 10] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

In January 2007, the Board of Parole Hearings found Petitioner unsuitable for release on parole. (Exhibit A, to Motion, Transcript at 68.)

On March 10, 2008, Petitioner filed a petition for writ of habeas corpus in the Los Angeles County Superior Court challenging the denial of parole. (Exhibit B, to Motion; Court Doc. 12, Exhibit 1.) The petition was denied on May 27, 2008. (Id.)

On August 18, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Second Appellate District. (Exhibit C, to Motion; Court Doc. 12, Exhibit 2.) The petition was summarily denied on August 28, 2008. (Id.)

On October 17, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Exhibit D, to Motion; Court Doc. 12, Exhibit 3.) On April 1, 2009, the petition

was summarily denied. (Id.)

Petitioner filed the instant federal petition for writ of habeas corpus on July 5, 2009. (Court Doc. 1.)

On October 2, 2009, Respondent filed the instant motion to dismiss October 2, 2009. (Court Doc. 10.) Petitioner filed an opposition on November 4, 2009. (Court Doc. 12.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

2

In this case, the petition was filed on July 5, 2009, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

"Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petition is not challenging his underlying state court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006), quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a

3

decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions, due process requires that: 1) the inmate must receive advance written notice of a hearing, <u>Pedro v. Oregon Parole Bd.</u>, 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an "opportunity to be heard," <u>Greenholtz v. Inmates of Neb. Penal and Corr. Complex</u>, 442 U.S. 1, 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of qualifying for parole," <u>Id.</u>; and 4) the decision of the Board must be supported by "some evidence" having an indicia of reliability, <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 455 (1985); <u>Cato v. Rushen</u>, 824 F.2d 703, 705 (9th Cir.1987).

In this instance, the statute of limitations period began to run on June 1, 2007-the day after the Board's decision became final. Therefore, absent tolling, the federal petition was due on or before June 1, 2008.

C.  <u>Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)</u>

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In <u>Carey v. Saffold</u>, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

1.  *Expiration of Limitations Period Prior to Filing First State Court Petition*

At the time Petitioner filed the first state court petition on March 10, 2008 (with benefit of mailbox rule), 283 days of the one-year limitations period had expired.

2.  *Tolling During Pendency of State Court Petitions*

Respondent does not dispute that the one-year statute of limitations was tolled during the time the state court petitions were pending, i.e. March 10, 2008 through April 1, 2009.

3.  *Expiration of Limitations Period After Finality of State Court Review*

After the California Supreme Court denied the state court petition on April 1, 2009, an additional ninety-five days expired before the instant petition for writ of habeas corpus was filed on July 5, 2009.  Consequently, the instant petition was filed thirteen days after the limitations period had expired.  Accordingly, Respondent's motion to dismiss the instant petition should be granted.

D.      Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

In his opposition, Petitioner merely argues the merits of the petition warrant review and he has pursued relief in a diligent manner.  Petitioner's arguments are without merit and there is no basis to justify equitable tolling.  See e.g. Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1314-1315 (11th Cir. 2001) (merits of underlying petition are irrelevant to whether extraordinary circumstances to justify untimeliness).

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to dismiss the instant petition for writ of habeas corpus as untimely be GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 1, 2009**           /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE